UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: GEORGE J. PHELAN,

Debtor.

No. 26-CV-1053 (KMK)

OPINION & ORDER

Appearances:

Ronald Vincent De Caprio, Esq.
Law Office of Ronald V. De Caprio
New City, NY
*Counsel for Debtor*

Daniel Scott Alter, Esq.
Port Chester, NY
*Counsel for Objector*

KENNETH M. KARAS, United States District Judge:

George J. Phelan ("Debtor") seeks leave to appeal an alleged "verbal ruling" of Judge Sean H. Lane ("Chief Judge Lane"), in the United States Bankruptcy Court, Southern District of New York on January 16, 2026. (Mot. for Leave to Appeal, Ex. Memorandum of Law ("Debtor's Mem."), 2 (Dkt. No. 3-15).) Amy Milo ("Objector") objects. (*See* Obj. (Dkt. No. 4).) For the reasons that follow the Motion for Leave to Appeal is denied.

## I. Background

It appears that, in 2025, Debtor's home was foreclosed upon to satisfy a New York State court order. (Mot. for Leave to Appeal, Ex. Aff. ("Aff.") ¶ 18 (Dkt. No. 3-1).) To benefit from an automatic stay, (*id.* ¶ 17), on April 17, 2025, Debtor voluntarily filed for Chapter 13

bankruptcy. (Dkt. No. 1 (Dkt. 25-BK-22327).)[1] On April 29, 2025, Debtor filed an application to voluntarily dismiss the proceeding, (Dkt. No. 9 (Dkt. 25-BK-22327)), which was granted on May 1, 2025, (Dkt. No. 11 (Dkt. 25-BK-22327)). On May 8, 2025, the bankruptcy case was closed. (*See* Dkt. (Dkt. 25-BK-22327).)

On May 22, 2025, Objector filed a Motion to Reopen the Chapter 13 proceeding. (Dkt. No. 16 (Dkt. 25-BK-22327).) The motion included certain other requests, such as the conversion of Debtor's Chapter 13 case to a Chapter 7 case. (Aff. ¶ 24.) Despite Debtor's opposition, (Dkt. No. 18, (Dkt. 25-BK-22327)), on August 21, 2025, the Bankruptcy Judge (at the time, Judge Cecelia G. Morris) granted the motion, (Dkt. No. 27 (Dkt. 25-BK-22327)). The Action was then reassigned to Chief Judge Lane. (Dkt. No. 29 (Dkt. 25-BK-22327).) Debtor appealed this decision. (Dkt. No. 35 (Dkt. 25-BK-22327).) That appeal remains pending before Judge Halpern. (*See* Dkt. (Dkt. 25-CV-7609).)

On December 12, 2025, Objector filed a motion seeking to extend the time to object to discharge and dischargeability. (*See* Dkt. No. 53 (25-BK-22327).) On January 7, 2026, Debtor objected. (Dkt. No. 58 (Dkt. 25-BK-22327).) On January 14, 2026, Chief Judge Lane held a hearing regarding the motion to extend time. (*See* Dkt. No. 63 ("Tr.") (Dkt. 25-BK-22327)).) At the hearing, Chief Judge Lane discussed Debtor's argument, which was that "there is no case," because the case had already been "dismissed," such that "the bankruptcy court no longer possesses jurisdiction." (Tr. 3:12–17.) Chief Judge Lane disagreed, expressing his view that this

[1] Citations to filings in the Bankruptcy Court and in other cases are indicated by the inclusion of the relevant docket number in parentheses at the end of the docket cite. All citations to 25-BK-22327 are to the proceeding *In re Phelan* before the United States Bankruptcy Court for the Southern District of New York, and all citations to 25-CV-7609 are to the case captioned *In re Phelan* before the United States District Court for the Southern District of New York.

argument has "got to be wrong," as once the case was reopened there was "an open case." (*Id.* at 3:17–20.) Chief Judge Lane, apparently referring to the appeal before Judge Halpern, said that "that's what the appeal's for," and said that the "district judge . . . presiding over it will figure that out, and everyone reserves their rights," but that in the meantime he could not "agree with the notion that this is a dismissed case." (*Id.* at 3:23–4:1; *see also id.* at 6:7–6:10 ("What I have is the . . . siren song of, this case is dismissed in the present tense, . . . and therefore there's nothing to administer."); *id.* at 7:17–8:22 (explaining that the point was properly argued before the district court).)

Meanwhile, in the filings before Judge Halpern, the same argument has been raised as relates to the grant of the Motion to Reopen. (Dkt. No. 11 at 8–9 (Dkt. 25-CV-07609).)

## II. Discussion

### A. Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and reviews conclusions of law de novo. *See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the [d]istrict [c]ourt, we review the [b]ankruptcy [c]ourt's findings of fact for clear error, [and] its conclusions of law de novo . . . ." (citation and italics omitted)); *In re Enron Corp.*, 307 B.R. 372, 378 (S.D.N.Y. 2004) ("A bankruptcy court's conclusions of law are reviewed de novo and its findings of fact for clear error." (italics omitted)).

A district court reviews a bankruptcy court's decision whether to reopen a closed case for abuse of discretion. *See Int'l Asset Recovery Corp. v. Thomson McKinnon Sec. Inc.*, 335 B.R. 520, 525 (S.D.N.Y. 2005) ("The exercise of the bankruptcy court's equity powers, such as a decision to reopen a closed case, should be overturned only upon a showing that the decision was an abuse of discretion."); *In re Kassover*, 448 B.R. 625, 631 (S.D.N.Y. 2011) ("[D]ecisions to

reopen bankruptcy proceedings . . . are overturned only upon a finding that the bankruptcy court abused its discretion."). A bankruptcy court abuses its discretion when "it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *In re Kassover*, 448 B.R. at 631 (quoting *In re Blaise*, 219 B.R. 946, 950 (B.A.P. 2d Cir. 1998)); *see also In re Woldeyohannes*, No. 24-CV-01590, 2025 WL 1696209, at *3 (D. Conn. June 17, 2025) (same).

B. Analysis

In his Memorandum of Law in support of his Motion for Leave to Appeal, Debtor seeks to "challenge[] the verbal ruling of the Bankruptcy Court" at the January 14, 2026 hearing that "the order reopening [Debtor's] bankruptcy case impliedly vacated the earlier Dismissal Order" entered in the Action. (Mot., Ex. Memorandum of Law ("Debtor's Mem.") 2 (Dkt. No. 3-15)).[2] He seeks to challenge these comments on jurisdictional grounds. (*Id.*) In opposition, Objector takes the position that the "verbal ruling" "was . . . never made," and says that the decision to appeal "should have been made within the time allotted for any appeal of the Reopening Order . . . ." (Obj. ¶ 2 (Dkt. No. 4).)

---

[2] Counsel for Debtor advances certain additional arguments in materials filed with the Motion and specifically in his supporting affidavit. For instance, he says that the issuance of the extension order "constitutes an exercise of jurisdiction over Mr. Phelan's person and property where no authority to exercise jurisdiction over Mr. Phelan's person or property exists" due to the asserted failure to vacate the dismissal order, and the argument that Objector's underlying Motion, he thinks, "sets forth no substantive reasons for granting the order except that Ms. Milo wants to preserve her rights," a reason that he views as insufficient to justify an extension. (Aff. ¶¶ 13–14.) As Debtor is represented by counsel, the Court will not consider any arguments made exclusively in the affidavit. *See, e.g.*, *Elghossain v. Bank Audi S.A.L.*, No. 21-CV-2162, 2023 WL 6390160, at *14 (S.D.N.Y. Sept. 29, 2023) ("[A] court may disregard legal arguments improperly set forth in a declaration."); *Novick v. Axa Network, LLC*, No. 07-CV-7767, 2014 WL 5364100, at *3 n.1 (S.D.N.Y. Oct. 22, 2014) ("The plaintiff's affidavit includes, improperly, arguments and legal conclusions, as well as certain facts."), *objections overruled*, 2015 WL 13686754 (S.D.N.Y. Jan. 5, 2015).

1. Appeal as of Right

"District courts have jurisdiction to hear appeals from final orders of the bankruptcy courts, or from interlocutory orders with leave of the court." *In re Gutierrez*, No. 17-CV-12775, 2020 WL 2216557, at *1 (S.D.N.Y. May 7, 2020) (quotation marks omitted). Parties may appeal to the district court as a matter of right "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001(a) (introducing procedural rules governing bankruptcy appeals); *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 587 (2020) (explaining that "under [§ 158(a)], an appeal as of right lies from 'final judgments, orders, and decrees' entered by bankruptcy courts 'in cases and proceedings'"). An order is final "if [it] finally dispose[s] of discrete disputes within the larger [bankruptcy] case." *In re Penn Traffic Co.*, 466 F.3d 75, 77–78 (2d Cir. 2006) (citation omitted). "However, courts should not define 'proceeding' to include disputes over minor details about how a bankruptcy case will unfold. The concept of finality cannot stretch to cover, for example, an order resolving a disputed request for an extension of time." *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-CV-1278, 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021) (quotation marks omitted and alterations adopted).

Debtor contends that the Bankruptcy Court's comments, and perhaps its decision to grant an extension, are sufficiently final such that they are subject to appeal as of right. (Debtor's Mem. 4–6.) This position is meritless: the comments were in reference to an earlier order in the case that remains the subject of an appeal before Judge Halpern, and a decision granting an extension is obviously non-final. *Cf. N. Fork Bank v. Abelson*, 207 B.R. 382, 389 (E.D.N.Y. 1997) (explaining that the denial of a motion to dismiss for lack of subject matter jurisdiction

"did not terminate the bankruptcy proceeding or even the adversary proceeding" and therefore was non-final); *2178 Atl. Realty LLC*, 2021 WL 1209355, at *3 (concluding extension order was not final).[3] As the comment and grant of an extension are "not a final order," but rather interlocutory determinations, Debtor "therefore requires the Court's leave to appeal." *Schneorson v. Mazer-Marino*, No. 23-CV-6318, 2024 WL 4309258, at *1 (E.D.N.Y. Sept. 26, 2024). To the extent that Debtor seeks to challenge the Bankruptcy Court's jurisdiction to reopen the case, that issue remains pending before Judge Halpern and so the request to appeal here cannot be understood as an as-of-right appeal from that order.

2. Leave to Appeal

"Motions for leave to appeal interlocutory orders of bankruptcy courts are permitted by 28 U.S.C. § 158(a)(3)." *Id.* at *2; *see also In re Sterling*, No. 17-CV-248, 2018 WL 1157970, at *3 (S.D.N.Y. Mar. 2, 2018) ("Even when orders are not 'final,' under 28 U.S.C. § 158(a)(3), district courts have jurisdiction to hear appeals from interlocutory orders and decrees with leave of the court." (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003))), *appeal dismissed*, No. 18-995, 2018 WL 4859355 (2d Cir. July 23, 2018); Fed. R. Bankr. P. 8004 (setting out procedure for appeal from a ruling of the bankruptcy court requiring leave from the district court). Because this "provision does not specify the criteria that district courts should consider when deciding whether to grant leave to appeal interlocutory orders," *Schneorson*, 2024 WL 4309258, at *2, district courts apply the analogous standard for certifying an interlocutory appeal set forth in 28

[3] No Party has argued that the comment falls into the small class of rulings that are appealable because they "conclusively resolv[e] claims of right separable from, and collateral to, rights asserted in the action." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (quotation marks omitted); *see also Kensington Int'l Ltd. v. Rep. of Congo*, 461 F.3d 238, 240 (2d Cir. 2006) (discussing standard for appealability of a collateral order).

U.S.C. § 1292(b), *see, e.g.*, *2178 Atl. Realty LLC*, 2021 WL 1209355, at *3 (describing reliance on the Section 1292(b) standards as the "invariabl[e]" practice of district courts within the Second Circuit).

28 U.S.C. Section 1292(b) provides that leave should be granted only where the interlocutory ruling that is sought to be appealed (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." So too the would-be appellant must identify "exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Coudert Bros. LLP Law Firm Adversary Proceedings*, 447 B.R. 706, 711 (S.D.N.Y. 2011) (internal quotation marks omitted). The Second Circuit has held that the district court's power to grant such an appeal should not be "liberally construed." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24–25 (2d Cir. 1990). Instead, the district court should "exercise great care in making a § 1292(b) certification." *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). "All three requirements [in Section 1292(b)] must be met for a court to grant leave to appeal." *2178 Atl. Realty LLC*, 2021 WL 1209355, at *4 (alterations adopted).

The Court determines that this request to appeal does not involve a "controlling question of law" within the meaning of Section 1292(b). "[A]n order involves a controlling question of law where reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *2178 Atl. Realty*, 2021 WL 1209355, at *4 (quotation marks omitted). "In addition, the question of law must refer to a pure question of law

that the reviewing court could decide quickly and cleanly without having to study the record." *Veeraswamy v. Jones ex rel. Tr. of Est. of Veeraswamy*, No. 19-CV-2137, 2019 WL 1876788, at *2 (E.D.N.Y. Apr. 26, 2019) (quotation marks omitted); *see also In re Gutierrez*, 2020 WL 2216557, at *2 (same). Were this Court to reverse the Bankruptcy Court's ruling on the Motion for an Extension of Time, that decision would neither terminate the action nor materially affect the litigation's outcome. And, needless to say, the Court cannot "reverse" the Bankruptcy Judge's comments. And as to the underlying decision to reopen the Action without separately vacating the dismissal order, while this might involve a controlling question of law, the Court does not see how *this* Court could take any action based on the asserted issues with the Motion to Reopen when an appeal from that Order—raising the asserted jurisdictional issues that Debtor seeks to have resolved in this appeal—is already pending before Judge Halpern.

Relatedly, the Court cannot say that an immediate appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal materially advances the termination of the litigation if it "promises to advance the time for trial or to shorten the time required for trial" or has "the potential for substantially accelerating the disposition of the litigation." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citations omitted). Where a movant has already filed an appeal that is pending related to an underlying order and that movant is "free to raise all of the issues that . . . have [been] raised in connection with the[] appeal from" the underlying order, "granting . . . leave to appeal from" a second order that relies on the already-appealed underling order "would in no way materially advance the ultimate termination of the litigation." *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995). Further, allowing two parallel appeals from what is, in effect, the same decision of the Bankruptcy Court is inefficient; "[p]rinciples of judicial economy

strongly discourage piecemeal appeals of litigation, especially when multiple appeals in the same case may involve the same set of facts." *EMI Music Mktg. v. Avatar Recs., Inc.*, 317 F. Supp. 2d 412, 424 (S.D.N.Y. 2004); *cf. Carpenter v. City of New York*, 984 F. Supp. 2d 255, 272 (S.D.N.Y. 2013) (declining to enter partial judgment on the basis that "[p]ermitting appeal now would force the Court of Appeals to familiarize itself with the same incident in successive appeals" especially as there was no real "danger of hardship or injustice that would result from delaying the immediate appeal").

As the first and third elements are not met, the Court need not weigh in on the question whether there is a "substantial ground for difference of opinion" regarding the Bankruptcy Court's jurisdiction. Accordingly, the Court declines to grant Debtor leave to appeal because at least two of the factors are not satisfied. *See 2178 Atl. Realty LLC*, 2021 WL 1209355, at *4 ("The Court declines to grant leave to Appellants to appeal the extension order because not all three requirements are met.").

## III. Conclusion

For the reasons set forth above, the Motion for Leave to Appeal is denied. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 3 and to close this case.

SO ORDERED.

Dated: September 29, 2026
White Plains, New York



KENNETH M. KARAS
United States District Judge